UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

ELMER J. COLEMAN,
              *Plaintiff-Appellant,*

v.

KENNETH S. APFEL, COMMISSIONER OF
SOCIAL SECURITY,
              *Defendant-Appellee.*

No. 99-2327

Appeal from the United States District Court
for the Southern District of West Virginia, at Beckley.
Charles H. Haden II, Chief District Judge.
(CA-98-712-5)

Argued: October 30, 2000

Decided: January 19, 2001

Before WIDENER, WILLIAMS, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Jason Eskwith Huber, FORMAN & CRANE, L.C.,
Charleston, West Virginia, for Appellant. Kenneth DiVito, Assistant
Regional Counsel, Office of the General Counsel, SOCIAL SECUR-
ITY ADMINISTRATION, Philadelphia, Pennsylvania, for Appellee.
**ON BRIEF:** Michael R. Crane, FORMAN & CRANE, L.C., Charles-
ton, West Virginia, for Appellant. James A. Winn, Regional Chief
Counsel, Office of the General Counsel, SOCIAL SECURITY

ADMINISTRATION, Philadelphia, Pennsylvania; Rebecca A. Betts, United States Attorney, Kelly R. Curry, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Elmer J. Coleman appeals the district court's order affirming the Commissioner's denial of disability insurance benefits and supplementary security income. See *Coleman v. Apfel*, No. CA-98-712-5 (S.D.W. Va. Sept. 3, 1999). We have reviewed the record and the district court's order accepting the report and recommendation of the magistrate judge and find no reversible error. We conclude that the Commissioner's decision is supported by substantial evidence and that the hypothetical question posed by the administrative law judge (ALJ) was not in error.[1] See 42 U.S.C. § 405(g), 1383(c)(3); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989) (stating that the vocational expert's testimony

---

[1]A question in the case is whether the ALJ properly credited the restriction of Coleman's treating pulmonary physician, Dr. Juan M. D'Brot, of lifting up to 10 pounds occasionally and never carrying over 5 pounds (sedentary work) in the hypothetical question posed to the vocational expert. See 20 C.F.R. § 404.1567 (defining levels of work). Review of the record indicates that there was conflicting evidence. The State Agency medical consultant recommended that Coleman could occasionally lift 50 pounds and frequently lift 25 pounds (medium work). Because the question posed asked whether Coleman could lift no more than 20 pounds and frequently lift or carry 10 pounds (light work), the ALJ must be taken to have resolved the conflicting recommendations. See *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (holding that ALJ makes findings of fact and resolves conflicts in the evidence). Such resolution was not erroneous.

"must be in response to proper hypothetical questions which fairly set out all of the claimant's impairments").

   The judgment of the district court is accordingly

*AFFIRMED*.